**Yelena TSYMBALENKO; Aleksey Tsymbalenko, Petitioners**

v.

**John ASHCROFT, Attorney General of the United States, Respondent**

No. 01–3564.

United States Court of Appeals, Third Circuit.

Argued April 26, 2002.

Filed June 14, 2002.

Tatiana S. Aristova, Esquire (Argued), Law Offices of John J. Gallagher, Philadelphia, PA, Counsel for Petitioners.

Robert D. McCallum, Jr., Esquire, Assistant Attorney General, Civil Division, Terri J. Scadron, Esquire, Senior Litigation Counsel, Office of Immigration Litigation, William C. Minick, Esquire (Argued), Ethan B. Kanter, Esquire, Lyle D. Jentzer, Esquire, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC.

Before BECKER, Chief Judge, SCIRICA and RENDELL Circuit Judges.

BENCH OPINION

BECKER, Chief Judge.

(The following is the bench opinion of the Court in the above-captioned matter:)

THE HONORABLE JUDGE BECKER: I have conferred with the panel, and the panel, having studied this matter, grants the motion to dismiss the appeal for want of appellate jurisdiction. We are satisfied that the jurisdiction of this Court is squarely controlled by the plain text of Section 1249(a)(b)(5)(C), which provides that an in absentia removal order may be rescinded only upon a motion to reopen; we believe that we are also controlled by *Marrero v. INS*, 990 Fed.2d 772, Third Circuit, 1993, that a petition for review an in absentia deportation order is not proper where the alien had failed to file a motion to reopen the deportation order. Now, we are aware that one has now been filed, but that fact subsumes what is the animating spirit of both the statute and Marrero case, that the petitioner must exhaust administrative remedies; under these circumstances, petitioner has not exhausted them. And we have no idea what the Board will do: The Board may very well grant the motion to reopen, and this Court

has made some remarks on the record that it has no objection if Ms. Aristova communicates to the Board.

We are also satisfied that there would be no difference, given the clear, unequivocal proof of notice required for service, whatever the standard of review. We are, should we reach the merits, concerned about the sloppy manner in which the form was filled out by the Immigration Judge.

At all events, we are satisfied that we lack jurisdiction and, accordingly, the appeal will be dismissed. The Clerk will arrange for a transcript of this bench opinion, which will be a non-precedential opinion.

Judge Scirica, anything to add or do you concur?

THE HONORABLE JUDGE SCIRICA: I concur.

JUDGE BECKER: Judge Rendell?

THE HONORABLE JUDGE RENDELL: Yes, I concur as well.

JUDGE BECKER: Thank you very much.

(Bench opinion concluded.)